503 So.2d 720 (1987)
Mark W. SMITH, Sr., Plaintiff-Appellee,
v.
GEORGIA CASUALTY & SURETY COMPANY, Defendant-Appellant.
No. 86-330.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*721 Provosty, Sadler and deLaunay, Ronald J. Fiorenza, Alexandria, for defendant-appellant.
Broussard, Bolton and Halcomb, Daniel E. Broussard, Jr., Alexandria, for plaintiff-appellee.
Before DOUCET, YELVERTON and CULPEPPER[*], JJ.
DOUCET, Judge.
This is a suit for workmen's compensation benefits instituted by Mark Smith, Sr. against Georgia Casualty & Surety Company, the workmen's compensation insurer of Albert Clifton.
The accident giving rise to this litigation occurred on February 9, 1984 when Mr. Smith was operating a chain saw and lacerated his left foot.
As a result of the accident, plaintiff alleged that he was totally and permanently disabled due to the fact that his foot injury caused him to be in substantial pain. Alternatively, plaintiff contended that he was entitled to an award for the disfigurement caused by the scar on the top of his foot, that he was entitled to rehabilitation services, and that he was entitled to partial earnings benefits. Additionally, plaintiff asserted a claim for penalties and attorney's fees.
A trial on the merits was held on November 27, 1985. Written reasons for judgment were rendered on January 9, 1986. The judgment was signed on January 31, 1986. The trial court ruled that plaintiff was entitled to $65 per week as supplemental earnings benefits for each week from September 19, 1984 through September 27, 1985, together with legal interest from the date of each payment until paid. The court further awarded supplemental earnings benefits for each month Mr. Smith does not *722 earn wages equal to 90% or more of the wages he was earning at the time of his injury for a period of 520 weeks. Additionally, the court ordered a medical evaluation of plaintiff's foot to determine whether future medical and therapy treatments were necessary. Plaintiff's claims for penalties, attorney's fees, and damages for disfigurement were denied.
From the above judgment, Georgia Casualty and Surety Company took a suspensive appeal on February 12, 1986. Plaintiff, Mark Smith, answered the appeal seeking penalties and attorney's fees.

FACTS
On February 9, 1984, plaintiff was working as a log cutter when his saw slipped and lacerated the top of his left foot. Plaintiff was taken to Leesville General Hospital where he was hospitalized and treated by Dr. Wilson D. Morris. Plaintiff stayed for two days in Leesville General and upon his release, Dr. Morris continued to treat him until March 3, 1984.
In May of 1984, plaintiff began treatment under Dr. Daniel Kingsley. After unsuccessful treatment with steroid medication and home therapy, plaintiff underwent surgery on May 20, 1984. Plaintiff remained under Dr. Kingsley's care through September of 1984. It was stipulated that plaintiff was paid weekly compensation by the defendant for 32 weeks at the rate of $65.00 per week from the date of the accident, February 9, 1984, until September 19, 1984, a period of 32 weeks.
At the conclusion of his treatment, Dr. Kingsley was of the opinion that while there were some residual symptoms from plaintiff's injuries and operation, these would not prohibit plaintiff from performing the duties of his former employment. Dr. Kingsley opined that plaintiff would continue to suffer from sensitivity to the scar, sensitivity to cold weather, and stiffness in his foot due to incomplete range of motion in the second and third toes, and a shocking sensation caused by the striking of a small neuroma in his foot. It was further concluded by Dr. Kingsley that plaintiff could return to the same type of work, but that climbing, jumping, repetitive lifting and bending would be slightly impaired.
On May 30, 1985, plaintiff was examined by Dr. Vanda Davidson. Dr. Davidson was of the opinion that plaintiff had an increased sensitivity to his foot caused by scar tissue and a neuroma. Dr. Davidson concluded that plaintiff suffered a 45% impairment of the great toe and a 100% impairment of the second, third and fourth toes. Dr. Davidson added that he was capable of doing his previous work but that he would be slower, less efficient, and not as competitive.

ASSIGNMENT OF ERROR NUMBER 1

"Whether the trial court erred in awarding supplemental earnings benefits."
Defendant, in its first assignment of error, contends that the trial court erred in awarding plaintiff supplemental earnings benefits. Supplemental earnings benefits are provided for in La. R.S. 23:1221(3). These benefits are intended to supplement the wages of an injured employee, who is presently unable to earn wages equal to 90% of his pre-injury wages. Defendant supports the above contention in part by pointing to the fact that because plaintiff is employed by his brother earning more than he earned at the time of the accident, he is not entitled to the benefits.
We agree with the defendant that plaintiff is not entitled to supplemental earnings benefits during the time periods he is making an amount equal to or greater than 90% of what his pre-injury wages were, however, the trial court did not award supplemental earnings benefits for these time periods. Instead, the trial judge specifically stated that plaintiff is not entitled to supplemental earnings benefits for the two months he has been employed by his brother, or for any month thereafter in *723 which he earns more than 90% of his former wage. The trial court correctly limited such an award to the period from September 19, 1984 to the date plaintiff began earning wages from his brother.
Defendant further contends that because no proper demand for supplemental earnings benefits was made by the plaintiff pursuant to La. R.S. 23:1221(3), he is not entitled to receive the benefits.
La. R.S. 23:1221(3) provides as follows:
"(f) Any compensable supplemental earnings benefits loss shall be reported by the employee to the insurer ... within thirty days after the termination of the week for which such loss is claimed...."
We do not agree with the above contention. As correctly stated by the trial judge in his reasons for judgment:
"... On this issue, it does not appear that the Legislature intended the 30 day period to be preemptive, after which time no claim could be asserted. Instead, it is apparent that the reporting period is included so that the employer or its insurer can determine the appropriate subsidy, if any, to be applied. Where the plaintiff is unemployed, then the necessity for such reporting would seem to be academic. The only requirement for the employer to determine the amount payable would be notice that the plaintiff is unemployed. There is more than ample evidence in this case that the defendant was aware of this fact."
The record reflects that the reports sent to defendant by Dr. Kingsley clearly showed that when Dr. Kingsley released plaintiff, he had not returned to work and that he was having difficulty with his foot. Additionally, on February 7, 1985, Dr. Kingsley reported to defendant's insurer that plaintiff was experiencing pain in his foot and that he had not yet secured employment. Thus, it is apparent that defendant was put on notice that plaintiff was unemployed. Consequently, we find that the trial court correctly awarded these benefits to plaintiff.

ASSIGNMENT OF ERROR NUMBER 2

"Whether the trial court erred in ordering rehabilitation."
Defendant, in its second assignment of error, asserts that the trial court erred in ordering rehabilitation for plaintiff. Defendant, in part supports the above contention by claiming that rehabilitation is not available to an employee who is earning wages equal to wages earned prior to injury. Defendant adds that because plaintiff is currently earning more than he was earning at the time of his accident, he is not entitled to rehabilitation. We disagree.
It was established at trial that plaintiff was only temporarily filling his mother's job of helping with his paralyzed brother and that when his mother was able to resume her duties, his employment would be terminated. Thus, because plaintiff's employment was only temporary, it was proper for the trial judge to order a medical evaluation of plaintiff's foot.
Additionally, defendant contends that plaintiff is not entitled to rehabilitation because he has not followed the statutory scheme by making a request upon the director and that court intervention is not contemplated until after the director has received, reviewed and rejected the employee's application for an evaluation. While we agree with defendant's proposition of law, we recognize that plaintiff did previously make an application to the director for compensation benefits and the director only recommended temporary total benefits from February 9, 1984 through August 24, 1984. It would be illogical to require plaintiff to resubmit a second application to the director and have it rejected again before he can obtain the rehabilitation benefits set forth in the act. One rejection of plaintiff's claim by the director is enough.
Finally, defendant contends that none of the three physicians who either treated or examined plaintiff at any time recommended or prescribed rehabilitation. Defendant adds that plaintiff is therefore not entitled to the benefit. We disagree. As correctly stated by the trial judge:
"In this case a great deal of plaintiff's disability is due to a painful neuroma and *724 the possibility of scar tissue adhesions restricting the movement of his toes and the functioning of blood vessels in his foot. Although no doctor has specifically recommended rehabilitation of any nature, it appears that under the act the court has the authority to order a medical evaluation of plaintiff's foot to determine the practicality of future medical or therapy treatments as a means of restoring plaintiff's physical ability to earn his previous wages."
Thus, based on the foregoing, we find that the trial court correctly ordered a medical evaluation of plaintiff's foot in order to determine the necessity for future medical treatment.

CROSS-APPEAL
Plaintiff, in response to defendant's appeal, answered claiming that he is entitled to penalties and attorney's fees due to defendant's arbitrary refusal to pay plaintiff workmen's compensation benefits. The trial judge denied plaintiff penalties and attorney's fees. We agree with the trial judge and adopt as our own, his well reasoned findings:
"Lastly, plaintiff claims penalties and attorney fees under LSA R.S. 12:1201 et seq. Benefits were terminated subsequent to Dr. Kingsley's report releasing plaintiff to return to work. Although plaintiff was referred to Dr. Kingsley by defendant, he was nevertheless a treating physician, having performed surgery and follow-up care on plaintiff's foot. Dr. Kingsley's opinion was updated about five months after he released plaintiff and it did not change. Even Dr. Davidson's report of May 30, 1985, would not make defendant's failure to resume compensation benefits arbitrary or capricious. Although Dr. Davidson found 100% impairment to three of plaintiff's toes, entitling him to 30 weeks of compensation, plaintiff had already been paid 32 weeks compensation and was entitled to a credit for this amount against the specific loss. Accordingly, plaintiff's claim for penalties and attorney fees is denied."
Accordingly, for the reasons stated above, we affirm the judgment of the trial court at appellant's costs.
AFFIRMED.
NOTES
[*] Judge WILLIAM A. CULPEPPER, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.