511 So.2d 48 (1987)
David MARCEL, Plaintiff-Appellant,
v.
CRAIG GUIDRY CONSTRUCTION COMPANY, et al., Defendants-Appellees.
No. 86-740.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Onebane and Assoc., Frank Neuner, Lafayette, for plaintiff-appellant.
Sutherland and Juge, Richard M. Simes and Denis P. Juge, New Orleans, for defendants-appellees.
*49 Before FORET, KNOLL and CULPEPPER[*], JJ.
FORET, Judge.
This is a worker's compensation action. Plaintiff, David P. Marcel, filed suit against defendants, Craig Guidry Construction Company and State Farm Fire & Casualty Company, seeking worker's compensation benefits. Following trial on the merits, the court found that plaintiff was entitled to benefits in the form of supplemental earnings benefits and rendered judgment against defendants, Craig Guidry Construction Company and State Farm Fire & Casualty Company, in solido. Plaintiff appealed, assigning two specifications of error:
1. That the trial court committed manifest error and/or legal error in finding that David Marcel's average monthly wage for the purpose of calculation of supplemental earnings benefits was $960;
2. The trial court erred in failing to find that the employer was arbitrary and capricious in terminating worker's compensation benefits, and thus, having failed to award penalties and attorney's fees.
Defendants filed an answer to plaintiff's appeal on September 10, 1986, alleging that the trial court erred in its finding of permanent disability and loss of wage-earning capacity by the plaintiff. Plaintiff has filed a motion to dismiss the answer filed by the defendants. There is merit to plaintiff's motion to dismiss the answer filed by defendants. The record was lodged in this Court on July 20, 1986, and the parties were so notified on the same date. Under C.C.P. art. 2133, an appellee who desires to modify, revise, or reverse a trial court judgment must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return date or the lodging of the record in the Court of Appeal, whichever is later. In this case, the trial court did not set a specific return date, but rather stated that the return date would be as set by law, citing Article 2125. C.C.P. art. 2125 states that the return date of the appeal shall be thirty days from the date estimated costs are paid, if there is no testimony to be transcribed and lodged with the record, and forty-five days from the date such costs are paid if there is testimony to be transcribed, unless the trial judge fixes a lesser period.
In the case before us, testimony was transcribed and forwarded with the record. Accordingly, the forty-five-day period applies because the record was lodged in this Court on July 26, 1986, earlier than the forty-five-day period mentioned in Art. 2125. Inasmuch as the trial court allowed the appellant to file his appeal in forma pauperis, that provision of Art. 2125 referring to the payment of estimated costs does not come into play. Because the order of appeal was signed in the district court on June 26, 1986, appellee would have had forty-five days from that date, plus fifteen days (for a total of sixty days), to file an answer to the appeal. Since appellee did not file its answer until September 10, 1986, more than sixty days after the signing of the order of appeal, the appeal is not timely filed, and accordingly, it is dismissed.
Therefore, the only issues before this Court are the two specifications of error assigned by plaintiff-appellant. There is no dispute as to employment or the occurrence of the accident.

FACTS
On November 12, 1984, David P. Marcel was injured while working in the course and scope of his employment with Craig Guidry Construction Company. Prior to that time, Marcel was employed by the construction company as a manual laborer and heavy equipment operator at a salary rate of $6.00 per hour for a forty-hour work week.

WHAT WAS PLAINTIFF'S AVERAGE MONTHLY WAGE?
The applicable statute for supplemental earnings benefits is La.R.S. 23:1221(3)(a) which provides:

*50 "For injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to seventy-four percent of the difference between ninety percent of the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10)."
Having established his right to recover supplemental earnings benefits, plaintiff is entitled to benefits equal to 74% of the difference between 90% of the average monthly wages at the time of injury and the average monthly wages earned or average monthly wages he is able to earn as defined by § 1221(3)(a). Accordingly, as the trial court found, plaintiff was entitled to supplemental earnings benefits equal to the difference between 90% of the average monthly wage at the time of his injury and $0.00. However, plaintiff's average monthly wage was not $960.00 as found by the trial court.
La.R.S. 23:1021(10)(a)(i) provides, in pertinent part, that the average weekly wage shall be determined as follows:
"If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; ..."
Accordingly, plaintiff's average monthly wage at the date of injury was $1,032.00[1] Nothing in the record before this Court establishes that plaintiff had an average monthly wage of $960.00 as determined by the trial court. This figure appears to represent the trial court's error in calculating the average monthly wage. Apparently the court found the average weekly wage to be $240.00 and then multiplied it by 4 instead of 4.3 as required by La.R.S. 23:1221(3)(a).

PENALTIES AND ATTORNEY'S FEES
Plaintiff contends that the trial court erred as a matter of law in failing to conclude that the defendant worker's compensation insurer's termination of benefits was arbitrary and capricious as it was based upon a restrictive release to return to employment duties other than those in which the plaintiff was engaged at the time of the job accident and which plaintiff was not capable of doing. That determination depends primarily on the facts known to the employer at the time of its action and is a question of fact not to be disturbed in the absence of manifest error. Jackson v. Maloney Trucking & Storage, Inc., 424 So.2d 1037 (La.App. 4 Cir.1982), writ denied, 445 So.2d 441 (La.1984).
From November 12, 1984 until July 24, 1985, worker's compensation benefits were paid to plaintiff. The termination of compensation benefits by defendant was based upon the July 24, 1985 progress reports of plaintiff's treating physicians, Dr. Charles Olivier and Dr. Norman Anseman, Jr. In those reports, Dr. Olivier concluded that plaintiff could return to work with certain restrictions against operating heavy equipment. Dr. Anseman's report from the same period of time, which was relied upon by defendant, indicates that plaintiff should be released for full working activities. As a result, defendant terminated compensation benefits. The record reflects that although both doctors advised plaintiff to return as needed, he did not return to *51 see either doctor until the week before trial in this matter. Even at the time of this visit, Dr. Olivier testified that there were still no objective signs of disability present, and that his condition was unchanged.
Penalties and attorney's fees are not available when the defendants have a legitimate basis for denying or terminating compensation benefits. Sharbono v. H & S Construction Co., 478 So.2d 779 (La. App. 3 Cir.1985). We agree with the trial court in concluding that defendant's decision to terminate the benefits was not arbitrary and capricious. The facts known to defendant at the time of its termination of benefits gave it a legitimate basis for terminating benefits.
Accordingly, for the foregoing reasons, we amend the trial court's judgment to reflect an average monthly wage of $1032.00. The judgment of the trial court in regard to the award of compensation in the form of supplemental earnings benefits is affirmed. We also affirm the trial court's refusal to award penalties and attorney's fees.
Costs are assessed to defendants.
AMENDED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Pro Tempore.
[1] This figure is computed by multiplying the rate of pay, $6.00 per hour, by 40 hours, by 4.3 for a total of $1,032.00.