590 So.2d 1177 (1991)
Lynn Rogers ROSS
v.
HIGHLANDS INSURANCE COMPANY and Louisiana Paving Company.
No. 91-CC-0980.
Supreme Court of Louisiana.
December 2, 1991.
Rehearing Denied January 9, 1992.
*1178 Gerard G. Thomas, Jr., Robert Charles Clayton Thomas, Thomas, Dunahoe & Thomas, for applicant.
Steven D. Crews, Watson, Murchison, Crews & Arthur, Richard J. Serpe, for respondent.
Lorraine A. Dupont, counsel for La. Dept. of Employment & Training, Office of Worker's Compensation, amicus curiae.
COLE, Justice.
The first issue presented by this worker's compensation case is whether the petition *1179 filed in district court by the plaintiff is a "new claim" or a suit for enforcement of a prior judgment. Because we find it is the latter, this Court must next decide whether the 1988 amendments to the Worker's Compensation Act divest a district court of its subject matter jurisdiction to enforce its own judgments.

I.
Plaintiff, Lynn Rogers Ross, received an on-the-job injury in 1986 while employed by Louisiana Paving Company, Inc. Initially, Mr. Ross received weekly compensation benefits, but when a dispute arose over the payment of medical expenses he filed a formal claim with the director of the Office of Worker's Compensation ("OWC"). Subsequently, the director issued a recommendation which Mr. Ross rejected. In February of 1989 Mr. Ross filed suit against his employer and the employer's compensation insurance carrier in the 39th Judicial District Court pursuant to former La.R.S. 23:1311. Before trial the parties reached a settlement and, accordingly, the district court judge signed a consent judgment on April 11, 1989.
The April 1989 judgment holds the defendants liable "for all medical expenses heretofore incurred by the petitioner and hereafter incurred by the petitioner, and for which the said parties are responsible under the provisions of the Louisiana Workmen's Compensation Statute." In addition, because of their arbitrary refusal to pay, the defendants were cast in judgment for statutory penalties and attorneys' fees. La.R.S. 23:1201(E), (F); 23:1201.2 (West 1991).
Soon after the judgment Mr. Ross's physicians recommended hospitalization. The defendants failed to authorize payment for the proposed treatment, causing the plaintiff to bring suit on April 16, 1989 asking the district court to enforce the judgment it rendered only a few days earlier. On July 11, 1989 the district court ordered the defendants to issue a letter guaranteeing payment.
In late 1990 the defendants once more objected to paying Mr. Ross's medical bills. Consequently, on January 16, 1991 Mr. Ross filed another petition with the district court, this time to enforce both the April 1989 judgment and the July 1989 order. In response, the defendants filed the declinatory exception, raising the objection of lack of subject matter jurisdiction. La.C.Civ.P. arts. 922, 925(6). The district court denied the exception, holding "once jurisdiction attaches in District Court, jurisdiction remains." The Court of Appeal, Second Circuit, made the writ peremptory and reversed, holding the district court was divested of its jurisdiction by the 1988 amendments. It is this exception which presents the basic issue we must decide, i.e., whether the 1988 amendments to the Act divested the district court of its subject matter jurisdiction to enforce its own judgment.

II.
The court of appeal apparently was persuaded by the defendants' characterization of the January 16, 1991 petition as a "new claim." If it were a new claim it clearly would be covered by the post-amendment procedure, which requires the OWC to hear claims in the first instance. 1988 Acts, No. 938; La.R.S. 23:1310.3(A)(4). Proper characterization of the petition, thus, lies at the heart of the matter.
The plaintiff argues the January 16, 1991 petition is not a "claim," old or new, but rather a suit to enforce prior judgments of the district court, and thus the district court should have continuing jurisdiction to enforce its own orders. In the alternative, Mr. Ross contends the instant petition is but a continuation of the original claim. Although the district court issued a judgment on April 11, 1989 the claim, according to the plaintiff, is not "resolved" because the matter has not fully come to an end.
This Court granted plaintiff's application and issued a writ of certiorari[1] to the Court of Appeal, Second Circuit, in order to decide two issues: first, whether the petition represents a "new claim" or a suit for *1180 enforcement; and, second, whether the 1988 amendments to the Worker's Compensation Act divest a district court of jurisdiction: (a) to enforce a judgment rendered by it before the effective date of the amendments; and (b) to cast defendants in judgment for attorneys' fees and penalties attendant to the enforcement.

III.
A brief review of the changes wrought over the last decade in the area of worker's compensation is necessary to focus the contentions of the parties. The changes brought about by the legislature in Act 1 of the 1983 Extraordinary Session were in effect when Mr. Ross was injured in 1986. Under these amendments an injured employee was required to file a claim with the OWC if a bona fide dispute arose any time after the office had been notified of the injury. La.R.S. 23:1310. The agency's director would then issue a recommendation which either side could accept or reject. La.R.S. 23:1310.1. If the recommendation were rejected, the employee could bring an action de novo in district court. La.R.S. 23:1311(A). Such a scenario occurred here. The defendants rejected the recommendation and the plaintiff filed suit in district court, ultimately receiving a favorable judgment.
In 1988 the legislature again revamped the worker's compensation procedure. 1988 Acts, No. 938, effective January 1, 1990. Under the new system nine hearing officers handle claims at the administrative level. La.R.S. 23:1310.3(A)(4). More importantly for purposes of this case, the act abolished de novo review in the district court, replacing it with a direct appeal on the record to the court of appeal. District courts are now relegated solely to the role of enforcing orders of the OWC.[2] La.R.S. 23:1310.5 and 23:1310.7.
This Court held the new system unconstitutional in Moore v. Roemer, 567 So.2d 75 (La.1990), because it gave the OWC jurisdiction in the first instance, contravening the constitutionally mandated original jurisdiction of the district courts. This infirmity, however, has been cured by amendment to La. Const., art. V, § 16(A), creating an exception to district courts' original jurisdiction for worker's compensation matters. This amendment was pursuant to Acts 1990, No. 1098, effective November 7, 1990.[3] Thus, the scheme envisioned by the 1988 statutory amendments is now presumably in place.
The legislature also provided for a transition period for the handling of cases straddling old and new law, as defendants argue this case does. In 1989 the legislature, by Act 260, amended Sections 4 and 5 of Act 938 of the 1988 Legislative Session. The defendants contend this act, which reads in part as follows, is dispositive:
Delay of implementation dates for administrative hearing officer provisions. Acts 1989, No. 260, § 1 effective June 26, 1989, amended §§ 4 and 5 of Acts 1988, No. 938 to read:
"Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
"(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
"(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990."
The defendants aver paragraph (B), mandating the use of new procedure, controls *1181 unless the plaintiff's petition falls under paragraph (C) which makes an exception for claims that are both filed before January 1, 1990, and not yet resolved by acceptance of the recommendation, compromise, or judgment of the court. The defendants point to the April 1989 judgment of the district court as proof that the original claim is "resolved" and thus the instant petition must represent a new claim.
To bolster their contention that the OWC must hear the plaintiff's petition in the first instance, the defendants cite La.R.S. 23:1310.3(A)(4), effective January 1, 1990, which provides: "The Hearing Officer shall be vested with original, exclusive jurisdiction over all claims filed pursuant to the Worker's Compensation Act." As with Act No. 260 of 1989, however, the applicability of this provision depends on characterizing the plaintiff's petition as a claim rather than a suit for enforcement.
Vying for jurisdiction itself, the OWC, as amicus curiae, submitted a brief to this Court in which it argues the constitutional amendment retroactively validated the new worker's compensation system. The cogency of the agency's argument aside, we do not believe retroactivity is an issue in this case. Whether the constitutional amendment retroactively validated the new procedure is immaterial, because if Mr. Ross's petition does not represent a "new claim," as indeed we believe it does not, the statute in question, Act 260 of 1989, paragraph (C), which speaks of "claims," is simply not applicable.
The plaintiff has advanced a reading of Act 260 of 1989 different from the defendants'. According to counsel for Mr. Ross, the intent of the legislature was to prevent duplication of efforts. Thus, if a claim was filed prior to January 1, 1990 (see paragraph C), but not entirely resolved, the matter did not have to be taken from the old OWC employees and given to the new hearing officers in mid-stream. Once begun under the old system, the claim was to continue in that path until the matter was at an end.

IV.
We agree with the plaintiff's interpretation of Act No. 260 of 1989. It conserves judicial resources, results in speedier resolution of worker's compensation claims, and thus comports with the spirit of the Worker's Compensation Act as a whole. Moreover, we believe the term "resolved" in paragraph (C) refers to matters in need of no further handling, under the old system or the new. We do not believe Act 260 was meant to make the OWC the enforcer of district court judgments.
The term "claim" is nowhere defined in the Worker's Compensation Act. Nonetheless, it is clear from the context of provisions using the term that the underlying claim for relief is what is meant, not the enforcement of a judgment. A claim is initiated by the filing of a petition with the OWC once an issue surfaces which the parties cannot themselves resolve. La.R.S. 23:1310; H. Johnson, 14 Louisiana Civil Law TreatiseWorker's Compensation, § 381.10 (West 1991). An action for enforcement of a judgment is not the same thing as an action on an underlying claim, nor is it a "new claim." The plaintiff, in the instant petition, asks only for payment of medical expenses, that is, he asks for compliance with the April 1989 judgment which required the defendants to pay for all past and future medical care provided by the Act. As counsel for the defendants conceded at oral argument, the parties are only disputing whether the items Mr. Ross seeks constitute "appropriate medical care" under the Act. Hence, the only judicial task remaining is interpreting the district court's original judgment in light of the expenses now sought by the plaintiff.
Once Mr. Ross's petition is recognized for what it is, a suit for enforcement, it is clear the district court has jurisdiction to compel compliance with its own judgment unless other doctrines, such as the exhaustion of administrative remedies or primary jurisdiction, bar it from so doing. The Act does not, however, provide for any administrative remedies which must be exhausted before an enforcement suit may be brought. This Court recognized the lack of *1182 administrative remedies in Turner v. Maryland Cas. Co., 518 So.2d 1011, 1014 (La. 1988), in which we held the filing of a suit in district court to enforce an OWC recommendation was proper. This suit presents an even stronger case for going directly to district court because the judgments sought to be enforced are the district court's own.
Likewise, the Louisiana Administrative Procedure Act, which fills the interstices in agencies' rules, provides no prerequisite to applying for court enforcement. La.R.S. 49:950 et seq. Moreover, the only provision in the Worker's Compensation Act which deals with enforcement is La.R.S. 23:1310.7[4] and it applies only to the enforcement in district court of hearing officers' orders, not to district courts' orders.[5] District courts' orders are not provided for in either statute because district courts have inherent powers of enforcement and contempt. In re Merritt, 391 So.2d 440, 442 (La.1980). A provision for enforcement of the agency's orders, on the other hand, is necessary given the lack of inherent power in administrative agencies to enforce their own orders. B. Schwartz, Administrative Law, p. 144 et seq. (3d ed. 1988).
A day will come when a district court will no longer be called upon, as it is in this case, to enforce its own judgment on the merits in a worker's compensation suit.[6] That day is not yet here. Numerous judgments by district courts are still extant and enforceable by those courts. Judicial efficiency is fostered by allowing district courts to maintain continuing jurisdiction over the cases in which judgments have already been rendered and only enforcement remains. Moreover, the district court is the only possible forum for the plaintiff's suit because the OWC's jurisdiction is at an end when its recommendation has been rejected. Ambrose v. Fluor Constructors, Inc., 537 So.2d 1176, 1179 (La.App. 4th Cir.1988). Furthermore, once the OWC awards only certain of various requested benefits, the worker need not resubmit a second application if he seeks more of the benefits originally demanded. Smith v. Georgia Cas. & Sur. Co., 503 So.2d 720, 723 (La.App. 3d Cir.1987). A fortiori, a worker certainly should not have to submit a second application merely to have a judgment enforced.

V.
Likewise, a plaintiff should not have to submit a second application to the OWC to obtain attorneys' fees and penalties attendant to the enforcement procedure. We note a suggestion in oral argument that the portion of plaintiff's petition seeking penalties and attorneys' fees is a "new claim" under the Act and should be heard by the OWC in the first instance. We disagree. In Lytell v. Strickland Transportation Co., 373 So.2d 138 (La.1979), this Court held that the Worker's Compensation Act "provides a penalty against the recalcitrant employer for non-payment of the executory judgment against him." Id. at 140. Penalties and attorneys' fees are matters ancillary *1183 to a defendant's non-compliance and the district court has jurisdiction to adjudicate matters incidental to the enforcement of its judgment. Indeed, the district court assessed attorneys' fees once already, on the plaintiff's second petition.[7]
It is important to note what is sought is not modification of the judgment. Were it modification, the OWC clearly would have to hear the case in the first instance. La.R.S. 23:1331. In this suit, however, the plaintiff seeks additional attorneys' fees and penalties for the defendants' contumacy. This demand is not a "new claim" because the underlying claim is the same. Nor is it a demand for modification. The original judgment of the district court will stand unchanged. Childers v. Roy O. Martin Lumber Co., 171 So. 484, 485 (La.App. 2d Cir.1937). Rather, it is a demand for something purely incidental to enforcement. As such, we hold the district court has the jurisdiction to assess attorneys' fees and penalties. To hold otherwise would result in a complex solution to a simple problem. A plaintiff aggrieved by a defendant's non-compliance with a district court judgment would have to file with the district court for enforcement and also with the OWC for attorneys' fees and penalties, senselessly bifurcating the case. Moreover, a different conclusion would result in the significant problem of inconsistent decisions. Both the agency and the court would be deciding virtually the same underlying question, engaging in the same interpretation of the court's judgment, with the possibility of two diametrically opposed outcomes. The OWC, in determining whether the defendants have been arbitrary and capricious, would have to decide if they had a legitimate basis for concluding Mr. Ross's bills do not constitute "proper medical attention" under the Act. Watson v. Amite Mill Co., 560 So.2d 902, 908 (La.App. 1st Cir.), writ denied, 567 So.2d 614 (La.1990); Marcel v. Craig Guidry Construction Co., 511 So.2d 48, 51 (La. App. 3d Cir.1987). The district court, in enforcing its own judgment, would engage in a similar inquiry: whether "all appropriate medical care under the Act" encompassed the bills Mr. Ross is now submitting. In the interests of judicial efficiency and uniformity, therefore, a district court must not only have jurisdiction to enforce its own judgments but also to assess incidental attorneys' fees and penalties.

VI.
For the foregoing reasons, the court of appeal's decision is reversed and the trial court's decision overruling the objection of lack of subject matter jurisdiction is reinstated. Costs are assessed to the defendants. We remand the case to the trial court to enforce its judgment and to decide the issue of attorneys' fees and penalties.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
HALL, J., dissents, being of the opinion that exclusive jurisdiction of this claim for medical and travel expenses arising after the effective date of the constitutional amendment and legislative amendments is vested in the hearing officer.
MARCUS, Justice (dissenting).
In my view, the April 1989 judgment resolved the issue of future medical expenses. Therefore, the present action is a claim that should be resolved by the procedures under the 1988 amendments to the worker's compensation act. Accordingly, I respectfully dissent.
NOTES
[1] 580 So.2d 915 (La.1991).
[2] For a summary of recent changes in this area, see Devlin, Worker's Compensation and the District Courts: a Jurisdictional Limit on Administrative Adjudication, 51 La.L.Rev. 314 (1990).
[3] The constitutional amendment, in deleting the subject matter jurisdiction, provided: "except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters."
[4] La.R.S. 23:1310.7 provides: "In case of disobedience of any person to comply with the order of the hearing officer, or subpoena issued by him, or on the refusal of a witness to testify to any matter regarding which he may be lawfully interrogated, or refusal to permit an inspection as permitted by law, the judge of the district court of the parish in which the person resides, or of the parish in which such hearing is being conducted, on application of the hearing officer, shall order the person to show cause why he should not be held in contempt."
[5] The Administrative Procedure Act contains a similar but more detailed provision for enforcement of agencies' orders in district court. La. R.S. 49:956(5)(c) (West 1991).
[6] The defendants did not invoke the doctrine of primary jurisdiction by name. Nevertheless, implicit in their attempt to have the OWC review the suit in the first instance seems to be the notion that the administrative agency is the expert in determining what "appropriate medical care" means under the Act. Primary jurisdiction was judicially created in response to just such concerns. The doctrine allows a court with jurisdiction to defer to an administrative agency on some or all of the issues. However, it is not appropriate in this suit because the orders the district court is being called upon to enforce are its own orders, not those of the agency. See Martin, Jurisdiction of Commission and Court: The Public Right/Private Right Distinction in Oklahoma Law, 25 Tulsa L.J. 535, 541 (1990), for a discussion of the appropriate use of primary jurisdiction.
[7] Acts 1988, No. 938, § 1, eff. Jan. 1, 1990, amended La.R.S. 23:1141(A) to read in part as follows: "Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a hearing officer." The obvious intent of this amendment is to provide for situations in which litigation is not necessary and no tribunal has jurisdiction over the setting of the fees. H. Johnson, Louisiana Civil Law TreatiseWorker's Compensation, v. 14, § 386 (West 1991). Thus, the provision is inapplicable to a case such as this one. Mr. Ross's suit has been litigated and the district court has already been vested with jurisdiction to set attorneys' fees and penalties.