SAUNDERS, Judge.
In this worker’s compensation action, the defendant, Town of Basile, appeals the trial court’s ruling denying its exception of lack of subject matter jurisdiction and awarding worker’s compensation benefits to the plaintiff, Jerry Chaisson. We affirm.
FACTS
Jerry Chaisson received an on-the-job injury in May of 1988, while employed by the Town of Basile. Initially, Chaisson received worker’s compensation benefits, but when a dispute arose over the payments of medical expenses, he filed suit in the 13th Judicial District Court in Evangeline Parish, in May of 1991. The trial judge ordered the defendant to pay the medical expenses incurred. Judgment was signed in July of 1991.
In March of 1992, Chaisson was convicted of a felony and began serving his sentence in May of 1992 at Hunt’s Correctional Institute. Defendant suspended Chais-son’s benefits relying on LSA-R.S. 23:1201.4, which provides:
“The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a hearing officer finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the hearing officer and such payments shall be considered as having been made to the employee. After release from incarceration, the employee’s right to claim compensation benefits shall resume.”
Chaisson filed a “Motion for Continuation of Workers’ Compensation Benefits” in the 13th Judicial District Court, contending that the benefits were wrongfully terminated as Chaisson had dependents.
Defendant excepted to the pleading contending lack of subject matter jurisdiction.[1] Both motions were heard on July 1, 1992. The trial judge overruled the exception of lack of subject matter jurisdiction, stating that the district court had continuing jurisdiction to hear the case.[2]
*11 The trial court then ordered that the compensation payments be resumed and brought up-to-date and also awarded penalties and attorney’s fees. Judgment was signed in July of 1992. Defendant appeals from that judgment.
DISCUSSION
Defendant contends that the motion to continue the benefits is a separate claim and covered by the 1988 amendments to the Worker’s Compensation Act which divests the district court of its subject matter jurisdiction over worker’s compensation claims, except to enforce orders of the Office of Worker’s Compensation. LSA-R.S. 23:1310.5 and 23:1310.7.
In support of its contention, defendant cites Ross v. Highlands Ins. Co., 590 So.2d 1177 (La.1991), wherein the Supreme Court had to determine whether the 1988 amendments to the Act divested the district court of its subject matter jurisdiction over a petition to enforce an earlier judgment and an earlier order from the district court judge ordering the defendants to pay for medical treatment. The Court determined that it was not a new “claim” and, therefore, not covered by the post-amendment procedure which requires the Office of Worker’s Compensation to hear claims in the first instance. 1988 Acts No. 938; LSA-R.S. 23:1310.3(A)(4).
We disagree with defendant’s reading of that case. In Ross, supra, the Supreme Court began its analysis by first characterizing the petition to determine whether the petition is a claim or a suit to enforce a prior judgment of the district court. If the suit is to enforce a prior judgment, then the petition is but a continuation of the original claim, and the district court maintains jurisdiction until the matter is resolved.
This motion for the reinstatement of worker’s compensation is not a “new” claim. The matter which had been heard previously by the district court had been on the issue of necessary surgical treatment and the payment thereof, pursuant to LSA-R.S. 23:1203. The provisions for medical treatment are worker’s compensation benefits, and any dispute arising under those provisions remains a “claim for worker’s compensation benefits.” Therefore, the motion filed in this case for the continuation of benefits is a request for the enforcement of a judgment of the district court. Like the case of Ross, supra, the requested relief is to compel compliance with an earlier judgment of the district court.
Worker’s compensation benefits were paid to Chaisson from the date of his injury until such time as his benefits were terminated under LSA-R.S. 23:1201.4. However, since there had been a dispute over compensation benefits (in the form of necessary medical treatment and related expenses) and judgment regarding compensation benefits in the trial court, there is “continuing jurisdiction.”
In line with Ross, allowing continuing jurisdiction under these circumstances results in speedier resolution of compensation claims and fosters judicial efficiency. The Court in Ross noted at page 1182:
“A day will come when a district court will no longer be called upon, as it is in this case, to enforce its own judgment on the merits in a worker’s compensation suit. That day is not yet here. Numerous judgments by district courts are still extant and enforceable by those courts. Judicial efficiency is fostered by allowing district courts to maintain continuing jurisdiction over the cases in which judgments have already been rendered and only enforcement remains.”
Accordingly, we affirm the trial court’s ruling on the exception of lack of subject matter jurisdiction and affirm the judgment reinstating the benefits and awarding penalties and attorney’s fees.
AFFIRMED.

. The Exception is not found in the record. It is referred to in the court minutes and in the judgment, and filed with the defendant's brief.

. We note that the district court had jurisdiction over the initial claim pursuant to § 1 of Acts 1989, No. 260, which reads:
“(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.”