JiDECUIR, Judge.
W.L. Estis Well Service and its insurer, Insurance Company of North America (CIG-NA), appeal a judgment of the Office of Workers’ Compensation hearing officer awarding penalties and attorney’s fees to Willis Touchet for arbitrary and capricious handling of his claim for supplemental earnings benefits. For the following reasons, we affirm the judgment of the hearing officer.
FACTS
It is undisputed that Willis Touchet ruptured his left testicle in an on-the-job injury in February of 1993. He has cooperated with treatment and continues to suffer pain and impotence. Dr. James W. Woessner, Touchet’s treating physician, concluded in February of 1994 that it was unlikely that Touchet would improve sufficiently to return to work, and that he had reached maximum medical improvement. In addition, Dr. Woessner concluded that Touchet is 100 per cent disabled for the kind of work that he was doing in the past.
Beginning on March 1, 1994, CIGNA converted Touchet from temporary total disability to supplemental earnings benefits. On March 28, 1994, Touchet forwarded Form 1020 (to indicate any outside income) to CIG-NA and faxed the same form on March 31, 1994. CIGNA sent a cheek on April 6, 1994. *809 On April 18, 1994, Touchet forwarded Form 1020 to CIGNA by certified mail. CIGNA returned the form after May 1, 1994, claiming that the form was not valid because Touchet 12had left the blanks unfilled rather than completing them with zeroes. Touchet redid the forms and received his check on May 10, 1994. On May 20, 1994, Touchet again forwarded Form 1020 by certified mail. Touchet did not receive his check from CIG-NA until June 20, 1994.
Touchet filed an emergency rule to show cause and hearing was held on July 7, 1994. No representative for W.L. Estis or CIGNA appeared at the hearing, W.L. Estis deferring to CIGNA and CIGNA’s representative being away on vacation. Having determined that both defendants received formal notice, and notifying both informally by telephone, the hearing officer proceeded to try the rule. At the conclusion of the hearing, the hearing officer found in favor of the claimant and awarded penalties of $1,650.00, and attorney’s fees of $500.00. W.L. Estis and CIG-NA lodged this appeal.

DISCUSSION

Appellants contend that the hearing officer erred in assuming that payments were due on the first of the month, and in calculating penalties from the first of the month rather than from the receipt of Form 1020. We disagree.
Appellants’ central argument is that LSA-R.S. 23:1221(3) calls for a monthly comparison between past wages and current monthly wages in order to calculate the correct supplemental earning benefit and, therefore, the Form 1020 was necessary for appellants to properly calculate Touchet’s benefit. Appellants further argue that no payment was made after the statutory period provided in LSA-R.S. 23:1201(0), which states:
C. Installment benefits payable pursuant to R.S. 23:1221(3) shall become due on the fourteenth day after the employer or insurer has knowledge of the compensable supplemental earnings benefits on which date all such compensation then due shall be paid, (emphasis added).
With regard to appellants’ first argument, we note that LSA-R.S. 23:1221(3) calls for a comparison of average monthly wages prior to the injury and average monthly wages the employee earns or is able to earn after the injury, with such comparison being made on a monthly basis. In this ease, the evidence is clear that CIGNA was aware that Touchet was not working, and according to medical reports, was unlikely to improve sufficiently to return to work. Therefore, any benefit calculation CIGNA needed to make would have to be on the basis of what Tou-chet was capable of earning. See Smith v. Georgia Casualty and Surety Company, 503 So.2d 720, 723 (La.App. 3d |3Cir,1987). The burden of proving that earning capability is on CIGNA because Touchet is unemployed and his disability has been established. See Basco v. Avoyelles Parish School Board, 93-1605 (La.App. 3d Cir. 6/1/94); 640 So.2d 682. Accordingly, we find that the hearing officer did not err in finding that CIGNA was arbitrary and capricious in delaying Touchet’s benefit payments.
We turn now to appellants’ second argument that the penalties were calculated from the wrong date. As noted above, LSA-R.S. 23:1201(0 provides that payments are due- on the fourteenth day after the insurer has knowledge of the compensable benefit. The record reveals that CIGNA was aware as early as February 3, 1994, of Dr. Woess-ner’s assessment of Touchet’s condition and in fact notified Touchet of a change in compensation status based on that assessment. Furthermore, the evidence indicates that CIGNA knew that Touchet’s problems were ongoing and that his treating physician was unhappy with CIGNA’s response to the issue of impotence. Accordingly, the hearing officer’s use of the first of the month for penalty calculations was appropriate.
LSA-R.S. 23:1201(E) provides that an employer or insurer may avoid penalties if it can show that the nonpayment resulted from conditions that were not in the employer’s or insurer’s control, or if it can reasonably controvert the claimant’s right to benefits. In Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363 (La.App. 3d Cir.1985), we stated the test for determining *810 whether an employer has reasonably controverted a claim as follows:
Given the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. This test requires a close analysis of each workers’ compensation case. 480 So.2d at 366.
In the present case, CIGNA had no reasonable basis for believing that Touehet was not entitled to benefits at the full rate. CIG-NA had actual knowledge of Touchet’s com-pensable benefit by February 3, 1994, and did not commence payment until April 6, 1994. Furthermore, the conditions were completely in CIGNA’s control, as is demonstrated by CIGNA’s technical and petty handling of Form 1020 filings by Touehet. Accordingly, we find no error in the hearing officer’s judgment.
| CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers Compensation hearing officer is affirmed. All costs of this appeal are assessed against appellants, W.L. Estis Well Service and the Insurance Company of North America (CIGNA).
AFFIRMED.