661 So.2d 1091 (1995)
Anita ROCK
v.
The CITY OF NEW ORLEANS New Orleans Police.
No. 94-CA-2613.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1995.
Edward J. Cloos, III, Metairie, for plaintiff/appellant, Anita Rock-Faucheaux.
Avis Marie Russell, City Attorney, Neil J. Kohlman, Assistant City Attorney, New Orleans, for defendant/appellee, City of New Orleans.
Before SCHOTT, C.J., and JONES and MURRAY, JJ.
MURRAY, Judge.
In March, 1983, appellant, Anita Rock-Faucheaux suffered an on the job injury while employed as a New Orleans police officer. When the City terminated her worker's compensation benefits in November, 1991 she filed a disputed claim with the Office of Workers' Compensation (OWC). The City filed an exception claiming that OWC lacked subject matter jurisdiction because the accident occurred prior to July 1, 1983. Relying on Ross v. Highlands Insurance Company, 590 So.2d 1177 (La.1991), the hearing officer granted the exception and dismissed appellant's claim.
Ms. Rock-Faucheaux appealed arguing that since there was no "claim" for worker's compensation until November, 1991, which was the date that the dispute between the parties arose, the hearing officer erred in his application of the law. More particularly, she contends the decision ignores statutory *1092 and policy changes enacted to improve the delivery of benefits to injured workers.
For reasons which follow, we reverse the decision of the hearing officer.
In arriving at our decision, we reviewed the changes in the worker's compensation system.
The Office of Workers' Compensation (OWC) was created in 1983 to handle the initial filing of disputed claims for benefits and to issue a non-binding resolution to the dispute. Either party was free to disregard the recommendation of the OWC and file their claim in the district court. This procedure was applicable to claims for injuries occurring on July 1, 1983 and thereafter.[1]
In 1988, the Legislature modified this system to remove the district courts from the workers compensation system. 1988 La.Acts No. 938. The revised procedures provided that claims be heard by administrative hearing officers who would make binding decisions which were appealable directly to the appellate courts.
The system of administrative hearing officers was immediately attacked as unconstitutional. In order to provide a safety net in the event the revisions to the system were held unconstitutional, the legislature enacted Act 23 of 1989, which was to be effective on the day of a final judgment on the constitutionality of Act 938.
Because there were worker's compensation cases caught between the former district court system of review and the new hearing officer system of review, transitional rules were enacted to resolve the jurisdictional issues.[2] 1989 La.Acts 260. Section 4 of the Act 260 provided:
(A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
The Supreme Court ultimately agreed with the opponents of Act 938, finding the hearing officer system unconstitutional. Moore v. Roemer, 567 So.2d 75 (La.1990). Once the Moore court held that the legislature could not deprive the district courts of their power of "original jurisdiction of all civil ... matters" [La. Const. Art V, section 16(A)], it was necessary to implement the changes to the workers compensation system by constitutional amendment.
The proposed amendment, which went into effect on November 7, 1990, was designed to validate the system of administrative hearing officers both retroactively and prospectively. After the passage of the constitutional amendment, the original system proposed in Act 938 was reinstated. "[T]he consequence of this validation is that Act 938 is effective as of January 1, 1990the date on which it would have gone into effect had it not been declared unconstitutional." Long v. Insurance Company of North America, 595 So.2d 636, 639-640 (La.1992).
Considering the foregoing, the resolution of this case will depend upon when appellant's "claim arose": at the time the city stopped paying her benefits in November, 1991, or at the time of her injury in March, 1983.
The Supreme Court discussed the meaning of a "claim" for worker's compensation purposes in Ross v. Highlands Insurance Company, 590 So.2d 1177 (La.1991). The hearing officer relied upon Ross in ruling that the OWC did not have jurisdiction over appellant's case. In determining the meaning of *1093 the word "claim", the Ross court stated as follows:
The term `claim' is nowhere defined in the Workers' Compensation Act. Nonetheless, it is clear from the context of provisions using the term that the underlying claim for relief is what is meant, not the enforcement of a judgment. A claim is initiated by the filing of a petition with the OWC once an issue surfaces which the parties cannot themselves resolve La.R.S. 23:1310; H. Johnson, 14 La. Civil Law Treatise Workers' Compensation, § 381.10 (West 1991) ... 590 So.2d at 1181.
In the case at bar, Officer Rock-Faucheaux was injured in 1983 and received worker's compensation benefits, without controversy, until November, 1991 when a dispute arose and the city stopped making payments. Only at that time did she file a "claim" for benefits. R.S. 23:1310.3, part of the statutory enactment of Act No. 938, provides that a "claim" for benefits is initiated by the filing of the appropriate form with the office of worker's compensation administration. Paragraph E of that section vests "original, exclusive jurisdiction over all claims or disputes" with the hearing officer.
Therefore, applying the law to the facts of this case, we find that pursuant to La.R.S. 23:1310 et seq., the appellant initiated a claim for benefits in November, 1991. Even though the claim was based upon an injury sustained in March, 1983, jurisdiction was proper in the Office of Worker's Compensation.
The decision of the hearing officer is reversed and the case is remanded to the Office of Worker's Compensation for a decision on the disputed claim for compensation.
REVERSED.
SCHOTT, C.J., dissents.
SCHOTT, Chief Judge, dissenting:
Appellant's claim arises from an injury which occurred in March, 1983. Section 4(A) of Act 260 of 1989 clearly provides that such a claim shall be resolved by a suit in the district court; not by a claim in the Office of Workers' Compensation. I respectfully submit that the majority opinion is clearly inconsistent with the law. I would affirm the judgment of the Hearing Officer dismissing appellant's claim.
NOTES
[1] At the time of appellant's injury the original worker's compensation system was still in effect. Claims were filed in district court.
[2] This provision, which is not found in the current statute, was designed to address the jurisdiction for claims during the transitional period only.