MICHAEL E. KIRBY, Judge.
 

 | t Plaintiff/claimant, Gwendolyn Smith (“Ms. Smith”), appeals the judgment of the Office of Workers’ Compensation (“OWC”) granting an exception of lack of subject matter jurisdiction brought on behalf of defendant/employer, Orleans Parish School Board (“OPSB”). We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Ms. Smith suffered a work-related accident in 1980, prior to the enactment of the Workers’ Compensation Act in 1983. As a result, suit was filed in the Civil District Court for the Parish of Orleans. A consent judgment was rendered on June 22, 1994, which granted Ms. Smith past due benefits and reinstated Ms. Smith’s weekly compensation payments “continuing into the future until modified, as provided by the Act.”
 

 The OPSB unilaterally terminated Ms. Smith’s benefits on September 20, 2006. On February 12, 2008, Ms. Smith filed a disputed claim for compensation with the OWC seeking reinstatement of her benefits. Ms. Smith also filed a Motion for Acceleration of Benefits and for Post Judgment Penalties and | ^Contempt. The OPSB responded by filing a variety of exceptions, including lack of subject matter jurisdiction.
 

 On May 7, 2008, the OWC granted the exception of lack of subject matter jurisdiction and dismissed Ms. Smith’s claim. The remaining exceptions were not addressed. Ms. Smith filed a motion for appeal, which was granted on May 12, 2008. This devolutive appeal was timely filed on August 13, 2008.
 

 The record also reflects that on April 15, 2008, while her case was pending before the OWC, Ms. Smith filed similar motions for reinstatement of her workers’ compensation benefits with the Civil District Court under the original docket number. In response, the OPSB filed various exceptions and a motion to stay the Civil District Court action pending a final disposition of the OWC action. On June 2, 2008, the Civil District Court rendered judgment granting the motion to stay. From that judgment, Ms. Smith sought supervisory review with this Court on June 5, 2008. Writs were denied on September 17, 2008.
 
 *1130
 

 Gwendolyn Smith v. Orleans Parish School Board,
 
 2008-0731 (La.App. 4 Cir. 9/17/08), unpub.
 

 DISCUSSION
 

 The sole issue on appeal is whether the OWC has subject matter jurisdiction over Ms. Smith’s claim.
 

 Historically, an employee with a disputed workers’ compensation claim filed a civil suit in state district court. La. R.S. 23:1331, prior to its repeal by 1988 La. Acts, No. 938. However, legislation enacted in 1983 created the OWC to administer workers’ compensation claims by evaluating claims and issuing advisory recommendations.
 
 Long v. Insurance Company of North America,
 
 595 So.2d 636 (La.1992). If either or both of the parties disputed the findings of the |sOWC, either party could seek a
 
 de novo
 
 review of the OWC’s decision in district court.
 
 Insurance Company of North America v. Shell,
 
 96-2753 (La.App. 1 Cir. 11/7/97), 704 So.2d 289.
 

 This process of dispute resolution was changed again by Act 938 of the 1988 legislative session. The Act was to become effective January 1, 1990, and established a system whereby OWC administrative hearing officers were vested with original, exclusive jurisdiction over all claims filed pursuant to the Workers Compensation Act.
 
 Long,
 
 595 So.2d at 637. More importantly, the Act relegated district courts to the sole role of enforcing orders of the OWC hearing officers by divesting the district courts of
 
 de novo
 
 review and providing for direct appeal of the hearing officers’ decisions to the circuit courts of appeal.
 
 Ross v. Highlands Insurance Company,
 
 590 So.2d 1177, 1180 (La.1991). Although initially Act 938 was declared unconstitutional by the Louisiana Supreme Court in
 
 Moore v. Roemer,
 
 567 So.2d 75 (La.1990), for violating La. Const. Art. V, § 16(A), by a subsequent constitutional amendment, the Act was rendered constitutionally effective retroactive to January 1, 1990.
 
 Long,
 
 595 So.2d at 639-40.
 

 Through 1989 La. Acts, No. 260, the legislature amended 1988 La. Acts, No. 938 to facilitate the transition of jurisdiction from the district courts to the new OWC hearing officer system. Act 260 states in pertinent part:
 

 Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
 

 (B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
 

 (C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, 1 compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1,1990.
 

 In 1991, the Louisiana Supreme Court, in
 
 Ross,
 
 had occasion to interpret the language and application of Act 938, as amended by Act 260, to determine when jurisdiction rested with the district court and when it rested with the OWC. The Court set forth the following considerations as pertinent to the resolution of the jurisdiction issue: (1) the proper characterization of the petition is at the heart of the jurisdiction issue; (2) a new claim is clearly covered by the post-amendment procedure requiring OWC to hear claims in the first instance; (3) the term “resolved” as used in the Act refers to matters in need of no further handling, under the old system or the new; (4) though not defined in the Act, the context of the provisions makes it clear that “claim” refers to the underlying claim for relief, not enforce
 
 *1131
 
 ment of a judgment; and (5) the OWC clearly has to hear cases seeking modification in the first instance.
 
 Ross,
 
 590 So.2d at 1181-1183.
 

 In
 
 Ross,
 
 an employer refused to pay an injured employee’s medical expenses. After rejecting the OWC’s recommendation, the employee filed suit against his employer in district court in 1989. In April of that year, the district court signed a consent judgment ordering the employer to pay for the employee’s past and future medical expenses. Despite an additional district court order, the employer still refused to pay the employee’s medical bills. Thereafter, the employee filed suit in the district court seeking enforcement of the consent judgment and order. The employer responded by filing a declinatory exception to subject matter jurisdiction, alleging that the OWC had jurisdiction over the employee’s petition for enforcement because it constituted a “new claim.” The |Rdistrict court denied the exception and the appellate court reversed the district court.
 
 Id.
 
 at 1177.
 

 The Louisiana Supreme Court granted certiorari to decide whether a petition for enforcement of a consent judgment and order constituted a “new claim” within the meaning of Act 260 and whether the 1988 amendments to the Workers’ Compensation Act divested the district court of jurisdiction to enforce its judgment and award attorney’s fees and penalties.
 
 Id.
 
 at 1179-80. The Court ultimately concluded that the employee’s petition for enforcement failed to constitute a “new claim” which would have divested the district court of jurisdiction within the meaning of Act 260.
 
 Id.
 
 at 1183.
 

 The Court in
 
 Ross
 
 noted at page 1182,
 

 A day will come when a district court will no longer be called upon, as it is in this case, to enforce its own judgment on the merits in a worker’s compensation suit. That day is not yet here. Numerous judgments by district courts are still extant and enforceable by those courts. Judicial efficiency is fostered by allowing district courts to maintain continuing jurisdiction over the cases in which judgments have already been rendered and only enforcement remains.
 

 In the case
 
 sub judice,
 
 Ms. Smith is not asserting a new claim, nor is she seeking modification of a prior order. It is evident that Ms. Smith is seeking to enforce a prior judgment of the district court. As pronounced in
 
 Ross,
 
 the district court has continuing jurisdiction to enforce its orders.
 
 See also, Chaisson v. Risk Management,
 
 618 So.2d 9 (La.App. 3 Cir.1993). Accordingly, the Civil District Court, not the OWC, has jurisdiction over Ms. Smith’s claim.
 

 Ms. Smith argues that
 
 Ross
 
 has been legislatively overruled by the 2005 amendment of La. R.S. 23:1310.3(E). We disagree, as did the OWC judge in this matter.
 

 IfiAs amended by Acts 2005, No. 257, La. R.S. 23:1310.3(E) provides:
 

 Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Arti-
 
 *1132
 
 cíes 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.
 

 The 2005 amendment rewrote subsection E, which had provided:
 

 Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers for indemnification or contribution.
 

 Ms. Smith submits that under the clear wording of the statute, the OWC has exclusive jurisdiction to enforce even a prior district court judgment; and the district court has been completely divested of any jurisdiction that it may have enjoyed before. We find this argument to be without merit. It is clear that the 2005 amendment to La. R.S. 23:1310.3(E) only added to the illustrative list of the types of claims in which the OWC is vested with original, exclusive jurisdiction.
 

 La. R.S. 23:1310.3(E) provides, as it did before the 2005 amendment, that the OWC is vested with exclusive jurisdiction over all claims or disputes “arising l7out of this chapter.” Ms. Smith’s claim to enforce a district court judgment stemming from a 1980 work-related accident does not arise under the Act; it arose under the prior law.
 

 The exercise of original jurisdiction by the OWC rather than by a district court is an exception to the general rule, and is valid only when justified clearly by explicit statutory language.
 
 Cajun Bag and Supply v. Baptiste,
 
 94-1218, p. 9 (La.App. 3 Cir. 3/1/95) 651 So.2d 943, 948. Art. V, § 16 of the Louisiana Constitution requires that the legislature enact a specific provision designating a claim as a workers’ compensation matter before the district courts will be divested of jurisdiction over a claim.
 
 Harding v. Jackson,
 
 96-2273, p. 5 (La.App. 1 Cir. 11/7/97) 701 So.2d 1386, 1389. Moreover, exceptions to the general rule that district courts are vested with original jurisdiction are to be narrowly construed.
 
 Gunderson v. F.A. Richard & Associates, Inc.,
 
 2007-331, p. 4 (La.App. 3 Cir. 2/27/08) 977 So.2d 1128, 1133.
 

 In the present case, there is nothing in the amendment to La. R.S. 23:1310.3(E), or elsewhere in the Act, which grants the OWC jurisdiction to enforce a prior judgment from a district court. Consequently, there is no support for the argument that
 
 Ross
 
 has been legislatively overruled.
 

 DECREE
 

 For the foregoing reasons, the judgment of the OWC dismissing Ms. Smith’s case for lack of subject matter jurisdiction is affirmed.
 

 AFFIRMED.