liGREMILLION, Judge.
The plaintiff, Donna Terrell Gray, appeals a judgment of the trial court modifying a prior judgment finding her no longer permanently and totally disabled and entitled to benefits as such. The trial court also denied her claim for reimbursement of travel expenses and attorney’s fees. Upon review, we vacate the judgment of the trial court and remand the matter to the Office -of Workers’ compensation for further proceedings.
FACTS
Gray suffered a work-related injury on August 21,1984, while employed as a nurse’s aid for the defendant, Hospital Services of Louisiana, Inc. She was adjudicated permanently and totally disabled in a judgment rendered in the district court on September 18,1990, and subsequently amended on January 19, 1993. In June 1996, Hospital Services filed a motion with the Office of Workers’ ^Compensation seeking modification of the previous judgment. After the workers’ compensation judge granted Gray’s exception of jurisdiction. Hospital Services filed the present Motion for Modification of Amended Judgment on April 17, 1997. It alleged that Gray’s condition had improved and that she had received educational vocational rehabilitation treatment, which rendered her capable of working. Following a trial on the merits, the trial court rendered reasons for judgment, finding that Gray was employed as a nursing assistant and working forty hours per week for $5.43 per hour or $217.20 per week. Under the law in effect on the date of her work-related accident, the trial court held that Gray was no longer permanently and totally disabled, but might qualify for supplemental earnings benefits if she was attending nursing school and working only on the weekends. The trial court further de-' nied Gray’s request for travel expenses and attorney’s fees. Gray appeals.
ISSUES
Gray argues that the trial court erred in finding that Hospital Services carried its burden of proving that she was no longer permanently and totally disabled. She also claims that the trial court erred in granting the modification and in failing to award her attorney’s fees and the expenses and costs she incurred in attending the workers’ compensation hearing and the hearing before the trial court.
DISCUSSION
At the outset, we note that the trial court lacked subject matter jurisdiction to hear this matter. Although the Office of Workers’ Compensation sustained Gray’s exception of jurisdiction and dismissed Hospital Services’ motion to modify the judgment in effect, that determination was wrong.
13Jurisdiction is defined as the “legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.” La. Code Civ.P. art. 1. Subject matter jurisdiction is the “legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La.Code Civ.P. art. 2. Subject matter jurisdiction cannot be waived or consented to, and a judgment rendered by a court lacking jurisdiction is void. La.Code Civ.P. arts. 3 and 925. An exception of lack of subject matter jurisdiction can be raised at any time, even by an appellate court on its own motion. Harding v. Jackson, 96-2273 (La.App. 1 Cir. 11/7/97); 701 So.2d 1386.
The district courts were divested of subject matter jurisdiction in workers’ compensation matters pursuant to an amendment to La. Const, art. V, § 16(A), effective November 8, 1990. La.R.S. 23:1310.3(E) vests *565 workers’ compensation judges with original, exclusive jurisdiction over all claims arising under the Workers’ Compensation Chapter. Acts 1989, No. 260, § 1, effective June 26, 1990, amended § 4 of Acts 1988, No. 938 pertaining to the resolution of cases pending during the changeover, to read:
Section 4. (A) A claim arising! from an injury which occurred prior to July 1,1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1,1990, but which are not resolved, whether by the parties’ acceptance of the ^director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1,1990.
In CNA Insurance Co. v. Tibbitts, 94-684, pp. 3-4 (La.App. 3 Cir. 12/7/94); 647 So.2d 633, 635-86, the court listed several axioms considered by the supreme court, in Ross v. Highlands Insurance Co., 590 So.2d 1177 (La.1991), to determine whether a district court retains jurisdiction over a workers’ compensation matter within the meaning of Act 260:
(1) “Proper characterization of the petition, thus, lies at the heart of the matter.” Id. at 1179.
(2) “If it were a new claim it clearly would be covered by the post-amendment procedure, which requires the OWC to hear claims in the first instance.” Id. at 1179.
(3) “[W]e believe the term ‘resolved’ in paragraph (C) refers to matters in need of no further handling, under the old system or the new.” Id. at 1181.
(4) “The term ‘claim’ is nowhere defined in the Worker’s Compensation Act. Nonetheless, it is clear from the context of provisions using the term that the underlying claim for relief is what is meant, not the enforcement of a judgment. A claim is initiated by the filing of a petition with the OWC once an issue surfaces which the parties cannot themselves resolve. An action for enforcement of a judgment is not the same thing as an action on an underlying claim, nor is it a ‘new claim.’ ” (Citations omitted). Id. at 1181.
(5)“It is important to note what is sought is not modification of the judgment. Were it modification, the OWC clearly would have to hear the case in the first instance. In this suit, however, the plaintiff seeks additional attorneys’ fees and penalties for the defendants’ contumacy. This demand is not a ‘new claim’ because the underlying claim is the same. Nor is it a demand for modification. The original judgment of the district court will stand unchanged. Rather, it is a demand for something purely incidental to enforcement.” (Citations omitted). Id. at 1183.
^Therefore, following the propositions set forth by the Louisiana Supreme Court in Ross, supra, we can determine whether a suit should be heard in the district court or the OWC pursuant to Act 260. As indicated in Ross, supra, the analysis begins with the proper characterization of the petition. If the petition is a “new claim” then the OWC has jurisdiction. If the petition seeks modification then the OWC has jurisdiction. If the worker’s compensation claim is “resolved” so that it requires no further “handling” then any additional petition would be a “new claim” to be heard in the OWC. If the petition is for enforcement of a judgment then it should be heard in the district court.
In this instance, Hospital Services filed a motion to modify a judgment awarding workers’ compensation benefits. Pursuant to Ross, 590 So.2d 1177, jurisdiction rests with the Office of Workers’ Compensation. Thus, the workers’ compensation judge erred in sustaining Gray’s exception of jurisdiction. The judgment of the trial court is rendered void and is vacated, and this matter will be remanded to the Office of Workers’ Compensation for further proceedings.
In the interest of judicial^ efficiency, we note that the trial court correctly held that the 1983 amendments to the Workers’ Compensation Act had abrogated the “odd-lot” and “substantial pain” doctrines as they pertained to permanent and total disability. *566 Thus, under La.R.S. 23:1221(2)(b) and (d), Gray was no longer permanently and totally disabled because of her employment with Hendrick Medical Center, even though she worked while in substantial pain.
With regard to Gray’s request for expenses and attorney’s'fees, we leave that determination to the Office of Workers’ Compensation. However, we note that the trial court erred in finding that La.R.S. 23:1310.8 was not retroactive and not applicable to this matter. The' trial court also considered La. R.S. 23:1320, which pertained to the’ assessment of costs against a spurious plaintiff. This statute was repealed by Acts 1988, No. 938, § 3, effective January 1, 1990, and replaced by La.R.S. 23:1310.9. Since Hospital Services requested a modification, this was, in ^effect, a new claim to be heard by the Office of Workers’ Compensation and resolved according to the procedures provided for in Acts 1988, No. 938, as amended by Acts 1989, No. 260. .Thus, La.R.S. 23:1310.8 and 1310.9 should be considered by the workers’ compensation judge when determining this issue.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is vacated. We remand this matter to the Office of Workers’ Compensation for further proceedings in conformity with this opinion. The costs of this matter are assessed to the defendant-appellee, Hospital Services of Louisiana, Inc.
VACATED AND REMANDED.