| YELVERTON, J.
Donna Gray Jennings (Donna) is appealing a ruling of the Office of Workers’ Compensation finding that her physical condition has changed and that she is no longer totally and permanently disabled under La.R.S. 23:1221(2)(b), based upon her ability to engage in employment. We affirm.
FACTS
On August 21, 1984, Donna was employed as a nurse’s aid at Natchitoches Parish Hospital. While lifting a patient, she injured her back and began receiving workers’ compensation from her employer. In 1990, she was adjudicated totally and permanently disabled and awarded weekly benefits of $97.50. In June 1996, the employer filed a motion with the Office of Workers’ Compensation seeking modification of that judgment. Donna excepted to the jurisdiction of the Office of Workers’ Compensation and the workers’ compensation judge granted the exception. The employer then in April 1997 filed the motion for modification in the 10 th Judicial District Court, where it was tried on the merits. The issue was whether Donna was still totally and permanently disabled. The district court held that Donna was no longer permanently and totally disabled because she was employed as a nursing assistant and was working forty hours per week at $5.43 per hour. Donna appealed this ruling to us, and another panel of this court vacated the judgment finding that the district court did not have subject matter jurisdiction. Gray v. Hospital Services of Louisiana, Inc., 97-1686 (La.App. 3 Cir. 6/10/98); 715 So.2d 563. The matter was remanded to the Office of Workers’ Compensation for further proceedings.
On remand and after a trial on submitted evidence, the Office of Workers’ Compensation rendered a judgment finding *331 that Donna was no longer permanently [¡.and totally disabled. The judgment also decreed that because Donna was unable to earn at least 90% of her pre-injury wages, she was entitled to supplemental earning benefits of $50.10, beginning January 1996, not to exceed 520 weeks, subject to a reduction by the employer pursuant to La. R.S. 23:1221(3)(d)(ii). Finally, she was denied recovery of penalties and attorney’s fees.
OPINION
When this case was here in 1998, another panel of this court reversed for lack of subject matter jurisdiction. Of course, that panel could not and did not rule on the merits of the appeal as to whether the appellant was still permanently and totally disabled. However, in passing, the court observed that the 1983 amendments to the Workers’ Compensation Act had abrogated the “odd lot” and “substantial pain” doctrine as they pertained to permanent and total disability. The panel then suggested “in the interest of judicial efficiency” that if the evidence on remand supported a finding under La.R.S. 23:1221(2)(b) and (d), Donna would not be permanently and totally disabled because of her employment with Hendrick Medical Center, even though she worked while in substantial pain.
Donna’s testimonial evidence presented to the workers’ compensation judge on remand consisted of her telephone deposition, the telephone depositions of her mother and father taken on January 27, 1999, and the deposition of Dr. Robert L. Striegler, an internal medicine specialist practicing in Abilene, Texas, taken on December 15, 1998. Dr. Striegler’s notes were also placed in evidence. This evidence demonstrated that Donna was employed at Hendrick Medical Center in Abilene from January 1996 until May 1996, working full-time. She quit that job for a while in order to attend school, but returned to work there in October 1996, part-time,3 as she attended San Angelo College. Sometime later,, she quit school again and returned to full-time duties at Hendrick Medical Center until March 1998, quitting then to resume school on a full-time basis. At this time she started attending Sweetwater Technical College. When this matter was heard by the workers’ compensation judge, Donna was still attending Sweetwater working toward a nursing license and she was actually participating in the clinical portion of her studies at that time. The clinical portion of her studies required her, as she testified, to do “patient care, giving injections, tube feeding, and inserting “NG” tubes.” It seems to be Donna’s determination that she is going to be a licensed vocational nurse.
There was evidence that Donna tired easily, fell down sometimes, and worked in pain. Dr. Striegler on July 6, 1998, said that she was “disabled and essentially unemployable.” But on December 15, 1998, he testified in his deposition that “under limited circumstances she could hold down some form of job.” Although there is some evidence in this record that would support a finding that Donna remains totally and permanently disabled, that evidence is not clear and convincing. The undisputed facts are that she has been working. The trial court’s factual determination cannot be reversed except for clear error. We find no error.
For the foregoing reasons, we affirm the Office of Workers’ Compensation’s judgment and cast the cost of this appeal to Donna Jennings.
AFFIRMED.