|, SAUNDERS, Judge.
This matter arises out of two separate suits for offset of workers’ compensation benefits. These suits were consolidated by the trial court and remain consolidated on appeal. By summary judgement, the workers’ compensation judge granted one of the Plaintiffs requests for offset while denying jurisdiction to hear the other. From this judgement, both the Claimant and the Plaintiff not receiving the offset appeal. For the following reasons, we reverse the workers’ compensation judge’s granting of summary judgement, as well as, the finding of no subject matter jurisdiction. The cases are remanded for further adjudication.
FACTUAL AND PROCEDURAL BACKGROUND
On February 11, 1983, Carol Belt was involved in a motor vehicle accident while in the course and scope of her employment as a board member for the Louisiana State Board of Cosmetology. In March of 1985, the Twelfth Judicial District Court determined that Ms. Belt was permanently totally disabled and ordered the State of Louisiana to pay her $204.00 per week in *1103 workers’ compensation indemnity benefits commencing on February 11,1983.
On August 24, 1997, while still receiving indemnity benefits from the State of Louisiana, Ms. Belt was involved in another motor vehicle accident while in the course and scope of her employment as a legal assistant with John T. Bennet Law Office, LTD. On the date and time of the accident, Ms. Belt’s employer had workers’ compensation insurance coverage with Louisiana Workers’ Compensation Corporation (“LWCC”). As a result of this accident, Ms. Belt began receiving workers’ compensation indemnity benefits from LWCC at the rate of $341.00 per week.
In December of 1999, based,upon the combined compensation benefits that Ms. | ¡.Belt was receiving from both the State and LWCC, LWCC filed a petition for offset of workers’ compensation benefits pursuant to Louisiana Revised Statute 23:1225(C). Ms. Belt filed an answer denying LWCC’s entitlement to an offset and a reconventional demand for medical testing and treatment.
In May of 2000, the State of Louisiana filed a similar petition also seeking an offset in accordance with Louisiana Revised Statute 23:1225(C). The State’s petition sought an offset against its workers’ compensation obligations to Ms. Belt based upon her 1997 work-accident and the payment of workers’ compensation benefits by LWCC. Ms. Belt answered the State’s petition with exceptions of improper venue, lack of subject matter jurisdiction and no cause of action.
By order dated September 11, 2000, the two suits for offset were consolidated. Additionally, in February of 2001, the State of Louisiana filed a motion for recognition of rights to reverse social security offset pursuant to the provisions of Louisiana Revised Statute 23:1225(A).
On October 8, 2001, the workers’ compensation judge (‘WCJ”) rendered judgement regarding the consolidated suits. The WCJ dismissed the State’s claims for offset and reverse offset on the grounds that it lacked subject matter jurisdiction. Furthermore, the WCJ granted LWCC’s motion for summary judgement and awarded it a credit of $21.52 per week against its weekly indemnity benefit obligation to Ms. Belt retroactive from the date of judicial demand. From this judgement both the State and Ms. Belt appeal.
On appeal, the State asserts the following assignments of error:
(1) The WCJ erred in determining that it lacked subject matter jurisdiction over the claim for reverse offset of social security benefits by failing to consider the fact that the claim did not arise until Ms. Belt applied for and received social security benefits.
Is(2) In determining that it lacked subject matter jurisdiction over the claim for offset under La.R.S. 23:1225(C), the WCJ erred by failing to consider the fact that the claim did not arise until Ms. Belt suffered a second injury in 1997 and began receiving workers’ compensation benefits from LWCC.
(3) The WCJ erred in granting the motion for summary judgement filed by LWCC and awarding the entire offset to LWCC, thereby, disregarding any entitlement the State may have thereto.
On appeal, Ms. Belt asserts the following assignments of error: •
(1) The WCJ erred in awarding LWCC an offset against the temporary total weekly compensation benefits paid to the Defendant/Appellant, pursuant to La.R.S. 23:1225(0 as there was no adjudication of the Defendant’s/Appellant’s average weekly wage.
*1104 (2) The WCJ erred in granting LWCC’s motion for summary judgement as there are genuine issues of material facts concerning her receipt of other benefits in addition to her monthly salary to determine her average weekly wage, and whether La.R.S. 23:1225(0 concerns the average weekly wage as to her employment with the State and John T. Bennett Law Office, L.T.D. or John T. Ben-net Law Office, L.T.D., alone.
LAW AND ANALYSIS
State’s Assignments of Error 1 and 2
In its first two assignments of error, the State asserts that the WCJ erred in finding that it had no jurisdiction over any of its claims. Upon review, we find these assertions to be meritorious and reverse the finding of the WCJ.
“Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.” La. Code Civ.P. art. 1. Subject matter jurisdiction “is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La.Code Civ.P. art. 2. Pursuant to the Louisiana Constitution, district courts are divested of original jurisdiction over ^workers’ compensation matters. La. Const, art. V, § 16(A). Rather, workers’ compensation judges are “vested with original, exclusive jurisdiction over all claims or disputes arising out of’ the workers’ compensation chapter. La.R.S. 23:1310.3(E).
Because the vesting of original jurisdiction over workers’ compensation matters to workers’ compensation judges was a change from previous law which provided district courts with original jurisdiction, legislation was needed for cases pending during the changeover period. Accordingly, the legislature passed Acts 1989, Number 260, § 1, effective June 26, 1989, which amended §§ 4 and 5 of Acts 1988, Number 938. It reads:
Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgement of a court, shall be resolved by the procedures in effect prior to January 1,1990.
In Gray v. Hospital Services of Louisiana, Incorporated, 97-1686, p. 4 (La.App. 3 Cir. 6/10/98); 715 So.2d 563, 565, and CNA Insurance Company v. Tibbitts, 94-684, pp. 3-4 (La.App. 3 Cir. 12/7/94); 647 So.2d 633, 635-36, we fisted several axioms considered by the supreme court, in Ross v. Highlands Insurance Company, 590 So.2d 1177 (La.1991), in order to determine whether a district court retains jurisdiction over a workers’ compensation matter within the meaning of Act 260:
(1) “Proper characterization of the petition, thus, lies at the heart of the matter.” Id. at 1179.
1 fi(2) “If it were a new claim it clearly would be covered by the post-amendment procedure, which requires the OWC to hear claims in the first instance.” Id. at 1179.
(3) “[W]e believe the term ‘resolved’ in paragraph (C) refers to matters in need *1105 of no further handling, under the old system or the new.” Id. at 1181.
(4) “The term ‘claim’ is nowhere defined in the Workers’ Compensation Act. Nonetheless, it is clear from the context of provisions using the term that the underlying claim for relief is what is meant, not the enforcement of a judgment. A claim is initiated by the filing of a petition with the OWC once an issue surfaces which the parties cannot themselves resolve. An action for enforcement of a judgment is not the same thing as an action on an underlying claim, nor is it a ‘new claim.’ ” (Citations omitted). Id. at 1181.
(5) “It is important to note what is sought is not modification of the judgment. Were it modification, the OWC clearly would have to hear the case in the first instance. In this suit, however, the plaintiff seeks additional attorneys’ fees and penalties for the defendants’ contumacy. This demand is not a ‘new claim’ because the underlying claim is the same. Nor is it a demand for modification. The original judgment of the district court will stand unchanged. Rather, it is a demand for something purely incidental to enforcement.” (Citations omitted). Id. at 1188.
Thus, in Gray, we concluded:
Therefore, following the propositions set forth by the Louisiana Supreme Court in Ross, supra, we can determine whether a suit should be heard in the district court or the OWC pursuant to Act 260. As indicated in Ross, supra, the analysis begins with the proper characterization of the petition. If the petition is a “new claim” then the OWC has jurisdiction. If the petition seeks modification then the OWC has jurisdiction. If the workers’ compensation claim is “resolved” so that it requires no further “handling” then any additional petition would be a “new claim” to be heard in the OWC. If the petition is for enforcement of a judgment then it should be heard in the district court.
Gray, 97-1686, p. 5; 715 So.2d at 565.
In this case, Ms. Belt was originally injured in February of 1983. Judgement was rendered declaring her to be totally and permanently disabled on March 13, 1985. Thus, at first glance, it appears that the State’s claim for an offset falls under Section 4(A) of Act 260. However, the underlying claim for relief in the State’s petition is | ¿for an offset pursuant to La. R.S. 23:1225(0 as a result of Ms. Belt’s receipt of worker’s compensation benefits for her 1997 accident. We acknowledge that while granting the State’s petition would require a recognition of the district court’s judgement, the petition for offset does not involve any issues in the March 1985 judgement. All issues regarding the March 1985 judgement have already been resolved. Thus, we find that the State’s petition for offset is a new claim arising out of Ms. Belt’s receipt of workers’ compensation benefits in 1997.
Furthermore, we reach the same conclusion with regard to the State’s motion for recognition of rights to a reverse social security offset. The record indicates that Ms. Belt requested social security disability benefits in January of 2001, claiming entitlement to benefits beginning in August of 1998. All issues regarding Ms. Belt’s disability status were resolved in 1985. In its motion, the State does not raise any of these previously resolved issues regarding Ms. Belt’s disability or entitlement thereto. Rather, the State simply requested that the WCJ recognize the district court’s determination of total and permanent disability and grant its social security offset pursuant to La.R.S. 23:1225(A). Thus, the State’s motion for a reverse offset of social security benefits is *1106 a new claim which did not arise until Ms. Belt actually received social security benefits.
Accordingly, we find that both of the claims filed by the State are new claims. Each of these claims did not arise until sometime after July 1, 1988. Therefore, they should be heard by the WCJ. For these reasons, we find that the WCJ erred in determining that he did not have subject matter jurisdiction to hear the State’s claims for offset and reverse offset. The judgement of the WCJ is reversed and these matters are remanded to the WCJ.
^State’s Assignment of Error Number 3
In its third assignment of error, the State asserts that, by awarding LWCC the entire La.R.S. 23:1225(0 offset, the WCJ erred by disregarding any entitlement that the State may have thereto. In light of our previous finding that the WCJ does have jurisdiction to hear the offset claims by the State, we find that the WCJ erred in prematurely awarding the entire offset to LWCC.
We decline to determine whether the State is entitled to an offset under La.R.S. 23:1225(C) or a reverse offset for social security benefits. Rather, we find that the WCJ must consider both the State’s claims for offset and LWCC’s claim for an offset prior to a determination of entitlement. Accordingly, the judgement awarding the entire offset to LWCC is vacated and the entire matter is remanded to the WCJ for further proceedings.
Defendant’s Assignments of Error
In her assignments of error, the Defendant, Ms. Belt, asserts that the WCJ erred by failing to adjudicate her average weekly wage prior to awarding LWCC the offset. Moreover, Ms. Belt asserts that the WCJ erred in granting a summary judgement when genuine issues of material facts concerning her average weekly wage exist. We find these assertions meritorious and reverse.
We review summary judgments de novo using the same criteria that governed the trial court’s determination of whether summary judgement is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95); 653 So.2d 1152. (‘After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.” La.Code Civ.P art. 966(C)(1). Thus, the threshold | ^question for a reviewing court is whether a genuine issue of material fact exists. Hardge v. Dubosq, 00-1721 (La.App. 3 Cir. 4/4/01); 797 So.2d 84.
■ La.R.S. 23:1225(C) provides for an offset of workers’ compensation benefits when other specified benefits are also being received by the employee. This offset is calculated to ensure that the employee does not receive an aggregate of specified benefits in excess of sixty-six and two-thirds percent of her average weekly wage. La.R.S. 23:1225(C). The party seeking the offset has the burden of proving the amount of the credit it is entitled to under La.R.S. 23:1225(C). Matthews v. City of Alexandria, 619 So.2d 57 (La.1993), Pace v. City of New Orleans, 99-1661 (La.App. 4 Cir. 4/19/00); 761 So.2d 602.
In support of its motion for summary judgement, LWCC submitted an affidavit setting Ms. Belt’s average weekly wage, at the time of the August 24, 1997, accident, at $785.22. However, Ms. Belt asserted that her average weekly wage was $818.00. In support of her contention, Ms. Belt adopted LWCC’s affidavit, but she asserts that she included fringe benefits not included in LWCC’s calculation..
In Daigle v. Sherwin-Williams Company, 545 So.2d 1005 (La.1989), the supreme court held that fringe benefits received by *1107 an employee should be included in the calculation of his average weekly wage. In reaching this conclusion, the court, quoting Malone and Johnson, 14 Louisiana Civil Law Treatise, Workers’ Compensation § 324 at 93 (1980), stated: “In determining the amount of pre-injury wages an employee earned, ‘[a]ny money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective of whether or not the payment was in the form of wages.’ ” Id. at 1007-08. Thus, Ms. Belt’s fringe benefits should be included in the 18calculation of her average weekly wage.
A review of the record fails to indicate whether the WCJ made a determination with regard to Ms. Belt’s average weekly wage. Likewise, the record does not indicate whether the WCJ included Ms. Belt’s fringe benefits in reaching its conclusion. In light of the record and the discrepancy existing between LWCC’s calculation of Ms. Belt’s average weekly wage and her own calculation, we find that a genuine issue of material fact exists regarding Ms. Belt’s average weekly wage. Because the Claimant’s average weekly wage is central in determining the amount of any offset under La.R.S. 23:1225 and a genuine issue of material fact exists regarding this amount, we find summary judgement to be improper. Accordingly, we reverse the WCJ’s granting of LWCC’s partial summary judgement and remand for an adjudication of Ms. Belt’s average weekly wage.
DECREE
For the foregoing reasons, we find that the WCJ has subject matter jurisdiction to hear the State’s claims for an offset and reverse offset of social security benefits. Moreover, we reverse the WCJ’s finding of summary judgement in favor of LWCC. Both the State’s claims and the claim by LWCC are remanded for further adjudication.
REVERSED AND REMANDED.