# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 14-826


**TAMBA MCINTIRE WELLS**

**VERSUS**

**FRUTH, JAMISON & ELSASS, PLLC, ET AL.**



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 97553-K
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

**DAVID KENT SAVOIE**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.


**REVERSED AND REMANDED.**

**Anthony Jerome Fontana, Jr.**
**A Professional Corporation**
**210 N. Washington St.**
**Abbeville, LA 70510**
**(337) 898-8332**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Tamba McIntire Wells**

**Gustave Alexander Fritchie, III**
**Irwin, Fritchie, Urquhart & Moore LLC**
**400 Poydras St., Suite 2700**
**New Orleans, LA 70130**
**(504) 310-2106**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Fruth, Jamison & Elsass, PLLC**

**Sara Rodrigue**
**NeunerPate**
**1001 W. Pinhook Road, Suite 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Katherine M. Loos, LLC**

**SAVOIE, Judge.**

Plaintiff, Tamba McIntire Wells, appeals the judgment of the trial court granting summary judgment in favor of Defendants, Fruth, Jamison & Elsass, PLLC ("Fruth, Jamison") and Katherine Loos, LLC. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

During Tamba Wells's marriage to Dan Michael Wells, Mr. Wells incurred a debt with Fruth, Jamison & Elsass, PLLC, a Minnesota law firm, in the amount of $179,037.49 for attorney fees owed. Fruth, Jamison obtained a judgment in Minnesota against Mr. Wells for this amount.

Fruth, Jamison retained Katherine Loos to make the Minnesota judgment executory in Vermilion Parish. An ex-parte judgment was entered against Mr. Wells on August 4, 2011 in accordance with La.R.S. 13:4241-4248. On August 29, 2011, Tamba Wells filed for divorce. She was granted a divorce from Dan Wells on October 2, 2012.

Fruth, Jamison filed a supplemental and amending petition on July 30, 2012 in the Louisiana suit naming Tamba Wells as a defendant and alleging that the debt of Dan Wells was a community obligation as he and Tamba were married at the time the debt was incurred. A judgment of default was entered against Tamba Wells declaring the debt a community debt and rendering judgment against her for the full amount of the debt on September 24, 2012. Tamba Wells was personally served with the Notice of Judgment on October 3, 2012. No appeal or other action was taken to nullify this judgment.

On July 2, 2013, a Writ of Fieri Facias and Seizure was entered against Tamba Wells commanding the sheriff to seize certain accounts and assets held by

her to satisfy the judgment. Thereafter, on August 16, 2013, a Garnishment Judgment was ordered by the trial court garnishing portions of her wages. Tamba Wells then filed the instant lawsuit alleging wrongful seizure of her separate property. She contends the debt is a community debt and cannot be satisfied by garnishing her wages and separate property.

The defendants filed a joint motion for summary judgment seeking to dismiss Ms. Wells's petition as an impermissible collateral attack on a final money judgment previously entered against her. The trial court granted the defendants' motion and dismissed the plaintiff's claim. Tamba Wells now appeals that judgment.

## LAW AND DISCUSSION

### *Standard of Review*

The appellate standard of review for a motion for summary judgment is set forth as follows in *Berard v. Home State County Mut. Ins. Co.,* 11–1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So.3d 470, 471–72:

> Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98–2821 (La.9/8/99), 744 So.2d 606.

*Legal Analysis*

The trial court found that Tamba Wells's petition constituted an impermissible collateral attack on a money judgment previously entered against her.

"A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it." *Corcoran v. Gauthier,* 97–516, p. 6 (La.App. 4 Cir. 1/7/98), 705 So.2d 1233, 1236, *writ denied,* 98–342 (La. 3/27/98), 716 So.2d 888 (citation omitted). "The only judgments which may be collaterally attacked are those which are absolutely null because of a vice of form as provided in La.Code Civ.P. art. 2002." *Succession of Schulz,* 622 So.2d 693, 696 (La.App. 4 Cir. 5/27/93), *writ denied*, 631 So.2d 1161 (La. 1994).

> Louisiana Code of Civil Procedure Article 2002 provides that:
> A. A final judgment shall be annulled if it is rendered:
>
> . . .
>
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
>
> (3) By a court which does not have jurisdiction over the subject matter of the suit.
>
> B. Except as otherwise provided in Article 2003, an action to annul judgment on the grounds listed in this Article may be brought at any time.

The underlying petition does not pray for an annulment of the judgment; rather, it alleges wrongful seizure as a result of the enforcement of the September 24, 2012 judgment rendered against Tamba Wells through a Writ of Fieri Facias and Seizure and a Garnishment Judgment. The September 24, 2012 judgment reads in pertinent part:

3

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, FRUTH, JAMISON & ELSASS, PLLC, and against the defendant, TAMBA MCINTIRE WELLS, in the full sum of $179,037.49, together with legal interest from date of judicial demand until paid, reasonable attorney's fees and all costs of these proceedings.

A judgment for the payment of money may be executed by a writ of fieri facias directing the seizure and sale of property of the judgment debtor. La.Code Civ.P. art. 2291. "A necessary prerequisite of a writ of fieri facias is a money judgment." *Madere v. Madere,* 95–88 (La.App. 5 Cir. 5/30/95), 656 So.2d 1108, 1109, *rev'd on other grounds per curiam,* 95–1635 (La. 10/16/95), 660 So.2d 1205.

Clearly, the September 24, 2012 judgment was a money judgment. It follows that an attack on the enforcement of the judgment through a writ of fieri facias is in fact an attempt to impeach the decree. As such, we agree that the underlying petition is a collateral attack on the September 24, 2012 judgment. The question then becomes whether it is an *impermissible* collateral attack.

Judgments may be collaterally attacked if they are absolutely null. As stated in La.Code Civ.P. art. 2002, lack of subject matter jurisdiction renders a judgment absolutely null. "The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it." *Boudreaux v. State, Dep't of Transp. & Dev.,* 01-1329, p.7 (La. 2/26/02), 815 So.2d 7, 13. If the court lacks the authority to render judgment, said judgment has no legal existence. *Taylor v. Hixson Autoplex of Alexandria, Inc.,* 00-1096 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, *writ not considered,* 01-1539 (La. 9/14/01), 796 So.2d 670.

Lack of subject matter jurisdiction has not been raised by any party in this suit. The Louisiana Supreme Court in *Merrill v. Greyhound Lines, Inc.,* 10-2827,

4

p. 2 (La. 4/29/11), 60 So.3d 600, held that an appellate court has the authority to consider an issue even when there is no assignment of error. Pursuant to La.Code Civ.P. art. 2129, "an assignment of errors is not necessary in any appeal." Additionally, La.Code Civ.P. art. 2164 gives the appellate court authority to "render any judgment which is just, legal, and proper upon the record on appeal." "Based on these codal authorities, [the Louisiana Supreme Court has] held that an appellate court has the authority to consider an issue even when there is no assignment of error." *Merrill*, 60 So.3d 601.

Furthermore, "the court has a duty to examine subject matter jurisdiction sua sponte, even where the litigants have not raised the issue." *Adkins v. City of Natchitoches*, 14-491, p.8 (La.App. 3 Cir. 11/5/14), 150 So.3d 646, 650 (citations omitted). "[L]ack of subject matter jurisdiction can be raised at any time, even by an appellate court on its own motion." *Gray v. Hosp. Servs. of Louisiana, Inc.*, 97-1686, p.3 (La.App. 3 Cir. 6/10/98), 715 So.2d 563, 564.

In the present case, judgment was rendered, pursuant to La.R.S. 13:4241-4248, on August 4, 2011, against Dan Wells making the Minnesota judgment executory in Louisiana. Apparently, Fruth, Jamison was unable to collect on this judgment. On July 30, 2012, nearly a year after judgment was rendered against Dan Wells, Fruth, Jamison filed a Supplemental and Amending Petition which added Tamba Wells as a defendant.

This same issue was discussed in *Adkins* wherein the plaintiff moved to amend her claim to add a defendant after final judgment was rendered by the OWC. The defendant filed an exception of subject matter jurisdiction and the trial court granted the exception. The appellate court found that the Office of Worker's

5

Compensation did not have continuing jurisdiction to allow an additional defendant in the suit previously resolved by final judgment.

> [T]he general rule [is] that once judgment is rendered, a party's recourse is not to amend but to seek a new trial or appeal from an adverse judgment. Once final judgment has been rendered, there generally can be no amended petition as there is no longer a petition before the court to amend.
> *Id. at 648.*

Judgment against Dan Wells was obtained a year before Fruth, Jamison filed its supplemental and amending petition adding Tamba Wells as a defendant. Consequently, the trial court lacked the continuing jurisdiction to allow the supplemental and amending petition to be filed against Tamba Wells. Without the requisite subject matter jurisdiction, the September 24, 2012 judgment of default rendered against Tamba Wells is absolutely null and has no legal effect. Because absolutely null judgments may be collaterally attacked, the collateral attack on the September 24, 2012 judgment is *permissible.*

We would note that, in addition to a lack of subject matter jurisdiction, there are other deficiencies in the judgment. First, it grants relief over and above what was prayed for in the supplemental and amending petition. A judgment of default shall not be different in kind or exceed in amount that demanded in the petition. La.Code Civ.P. art. 1703.

The prayer in the supplemental and amending petition reads in pertinent part:

> That judgment be rendered in its favor and against TAMBA MCINTIRE WELLS declaring the debt of DAN MICHAEL WELLS a community debt and enabling the judgment creditor, FRUTH, JAMISON & ELSASS, PLLC, to execute on the judgment against TAMBA MCINTRE WELLS *pursuant to Louisiana law* (emphasis added);

For additional costs and reasonable attorney's fees, plus all costs of these proceedings; and

For such general and further legal and equitable relief as the Court may deem just and proper.

The default judgment taken against Tamba Wells expands the relief requested by entering a money judgment against her for the entire amount of the Minnesota judgment in addition to declaring the debt a community debt. "[I]f a judgment by default exceeds the amount demanded in the petition, it [is] null to the extent of the excess." La.Code Civ.P. art. 1703, official revision comment.

Further, a final judgment shall be annulled if it is rendered against a defendant whom a valid judgment by default has not been taken. La.Code Civ.P. art. 2002. This vice of form is present in the current case because the judgment exceeds the relief requested in the petition.

Finally, a judgment must be enforced as a whole. A party cannot parcel out certain paragraphs which benefit their position and leave out others. A plain reading of the Judgment of Default reveals that the court ordered the Minnesota judgment be made executory and declared a community debt against Tamba Wells, in addition to ordering a money judgment against her. When the judgment is read as a whole, it is clear that declaring the Minnesota judgment a community debt is a predicate to ordering the money judgment. A community debt may only be satisfied by community property or the separate property of the spouse who incurred the obligation, i.e. Dan Wells. La.Civ.Code art. 2345. Therefore, executing the writ of fieri facias and garnishment judgment against Tamba Wells's separate property is in derogation of Louisiana law and was clearly not intended by the judgment.

## <u>DECREE</u>

Based upon the foregoing, the judgment of the trial granting the Motion for Summary Judgment in favor of Fruth, Jamison & Elsass, PLLC and Katherine Loos is reversed and remanded for further proceedings. Costs of this appeal are assessed to Fruth, Jamison, & Elsass, PLLC and Katherine Loos.

**REVERSED AND REMANDED.**