RICK SUTTON            *       NO. 2024-CA-0761

VERSUS              *

                               COURT OF APPEAL

JACK ADAMS, CHARLES     *
ADAMS AND POLLY POINT            FOURTH CIRCUIT
IMPORTS CORP.            *

                               STATE OF LOUISIANA

* * * * * * *

<u>CONSOLIDATED WITH:</u>          <u>CONSOLIDATED WITH:</u>

RICK M. SUTTON              NO. 2024-C-0563

VERSUS

CHARLES ADAMS, POLLY POINT
IMPORTS CORP AND JACK ADAMS

<u>CONSOLIDATED WITH:</u>          <u>CONSOLIDATED WITH:</u>

RICK M. SUTTON              NO. 2024-C-0568

VERSUS

CHARLES ADAMS, POLLY POINT
IMPORTS CORP. AND JACK ADAMS

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-11427, DIVISION "F-14"
Honorable Jennifer M Medley, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT**

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119


      COUNSEL FOR PLAINTIFF/APPELLEE

Charles L. Rice, Jr.
RICE LAW GROUP, LLC
8637 Oak Street

New Orleans, LA 70118

and

Stephanie M. Poucher
PHELPS DUNBAR, LLP
Canal Place, 365 Canal Street, Suite 2000
New Orleans, LA 70130-6534

COUNSEL FOR DEFENDANT/APPELLANT

**WRITS GRANTED; APPEAL DISMISSED AS MOOT; JUDGMENTS VACATED; REMANDED**

**AUGUST 27, 2025**

*JCL*

*TGC*

These consolidated matters arise from litigation between Rick Sutton and Jack Adams, stemming from a failed business venture involving a jewelry and art business on Royal Street. Considering the procedural issues presented here are inseparable from those addressed in our companion opinion, *Sutton v. Adams*, 2024-CA-0760, 2024-C-0571 (La. App. 4 Cir. 8/4/25), --- So.3d ---, 2025 WL 2205915, we grant the writ applications, dismiss the appeal as moot, vacate the judgments, and remand to Division N of Civil District Court, Parish of Orleans, for a contradictory hearing on the issue of consolidation and reassignment.

### *DISCUSSION*

While the companion opinion details the procedural history of the underlying litigation, this opinion addresses only the procedural posture of the matters currently before this Court.

The procedural and jurisdictional disputes in these writ applications and the appeal before us arise from rulings made by Division F following its receipt of the Nullity Suit (No. 2019-3156) and the RICO Suit (No. 2016-11427), which had

1

been transferred to that division by the now-vacated Mandamus Judgment. Specifically:

- In 2024-CA-0761, Mr. Adams appeals Division F's August 22, 2024 judgment granting Mr. Sutton's Expedited Motion to Declare the October 25, 2017 RICO Judgment an absolute nullity;

- In 2024-C-0563, Mr. Adams seeks supervisory review of Division F's August 15, 2024 denial of his Motion to Strike; and

- In 2024-C-0568, Mr. Adams seeks supervisory review of Division F's August 8 and 22, 2024 rulings denying his exceptions to Mr. Sutton's nullity motions.

These rulings were rendered after the Mandamus Judgment purported to re-designate and transfer the Nullity and RICO suits to Division F. However, in our August 4, 2025 companion opinion, this Court vacated that Mandamus Judgment after finding Division F had failed to rule on Mr. Adams' timely-filed exceptions prior to granting Mr. Sutton's application for writ of mandamus, in violation of La. C.C.P. art. 2593. This Court also remanded the matter to Division N for a contradictory hearing to determine whether the RICO and Nullity Suits should be consolidated with earlier-filed litigation, and whether they belong in Division N under La. C.C.P. arts. 1561, 253.2, and Rule 9.3 of the Rules for Civil Proceedings in District Courts.

The judgments challenged in this appeal and the related writ applications rest on the procedural footing created by the Mandamus Judgment that transferred

the RICO and Nullity Suits to Division F. Because this Court has ruled that the Mandamus Judgment was legally infirm and Division F's authority to preside over these suits remains unresolved pending a contradictory hearing in Division N, the rulings challenged here are likewise procedurally invalid.

Appellate courts may vacate judgments entered without jurisdiction or upon improper procedural grounds. La. C.C.P. art. 2002; *see also Wells v. Fruth, Jamison & Elsass, PLLC*, 2014-826, p. 4 (La. App. 3 Cir. 2/4/15), 158 So.3d 216, 220 ("If the court lacks the authority to render judgment, said judgment has no legal existence.") (citing *Taylor v. Hixson Autoplex of Alexandria, Inc.,* 2000-1096, pp. 6-7 (La. App. 3 Cir. 3/28/01), 781 So.2d 1282, 1286)). Further, courts should avoid rendering judgment while issues concerning the consolidation or the transfer of a subsequent action to the division that presided over the initial action remain pending. *See, e.g., Maqubool v. Sewerage & Water Bd. of New Orleans*, 2019-0096, p. 4 (La. App. 4 Cir. 6/12/19), 275 So.3d 337, 339 (vacating judgment and transferring case to the division that adjudicated the initial action).

In that the rulings challenged here were issued pursuant to a transfer that has now been set aside, and because the issue of proper division assignment and potential consolidation remains unresolved, the judgments before us are procedurally invalid. Resolution of these matters must await the outcome of a contradictory hearing as ordered in our companion opinion. Therefore, to preserve procedural integrity, avoid conflicting rulings, and ensure that these matters are resolved by the proper division of court, we vacate the judgments, grant the writs,

4

and remand for further proceedings as outlined below.

## *DECREE*

Accordingly, based on our holding in *Sutton v. Adams*, 2024-CA-0760, 2024-C-0571 (La. App. 4 Cir. 8/4/25), --- So.3d. ---, 2025 WL 2205915, and to avoid inconsistent judgments and ensure procedural regularity, the August 22, 2024 judgment granting the Expedited Motion to Declare Judgment an Absolute Nullity in 2024-CA-0761 is vacated; the August 15, 2024 judgment denying the Motion to Strike in 2024-C-0563 is vacated; the August 8 and 22, 2024 rulings denying various exceptions filed by Mr. Adams to Mr. Sutton's nullity filings in 2024-C-0568 are vacated; the writ applications in 2024-C-0563 and 2024-C-0568 are granted; and the appeal in 2024-CA-0761 is dismissed as moot, as the foundation for the appealed judgment has been set aside. Furthermore, these matters are remanded to Division N of the Civil District Court, Parish of Orleans, for a contradictory hearing on the issue of consolidation and reassignment in accordance with La. C.C.P. arts. 1561, 253.2, and Rule 9.3 of the Rules for Civil Proceedings in District Courts, as ordered in *Sutton v. Adams*, 2024-CA-0760, 2024-C-0571 (La. App. 4 Cir. 8/4/25), --- So.3d ---, 2025 WL 2205915.

**WRITS GRANTED; APPEAL DISMISSED AS MOOT; JUDGMENTS
VACATED; REMANDED**